**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| **CLYDE M. TATE,** | ) | 1:06-cv-01359-AWI WMW HC |
| Petitioner, | ) ) | **ORDER REQUIRING FILING OF AMENDED PETITION** |
| vs. | ) ) | **WITHIN THIRTY DAYS** |
| **CALIFORNIA STATE OF,** | ) ) ) | |
| Respondent. | ) ) ) | |

    Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

    A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer having custody of him as the respondent to the petition. Rule 2 (a) of the Rules Governing § 2254 Cases; <u>Ortiz-Sandoval v. Gomez</u>, 81 F.3d 891, 894 (9th Cir. 1996); <u>Stanley v. California Supreme Court</u>, 21 F.3d 359, 360 (9th Cir. 1994). Normally, the person having custody of an incarcerated petitioner is the warden of the prison in which the

1  petitioner is incarcerated because the warden has "day-to-day control over" the petitioner.
2  Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992); see, also, Stanley v.
3  California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).  However, the chief officer in
4  charge of state penal institutions is also appropriate. Ortiz, 81 F.3d at 894; Stanley, 21 F.3d at
5  360.

6       In this case, petitioner names the State of California  as Respondent. Petitioner's
7  failure to name a proper respondent requires dismissal of his habeas petition for lack of
8  jurisdiction.  Stanley, 21 F.3d at 360;  Olson v. California Adult Auth., 423 F.2d 1326, 1326
9  (9th Cir. 1970); see, also, Billiteri v. United States Bd. Of Parole, 541 F.2d 938, 948 (2nd
10  Cir. 1976).  However, in this case, the Court will give petitioner the opportunity to cure his
11  defect by amending the petition to name a proper respondent.  See, West v. Louisiana, 478
12  F.2d 1026, 1029 (5th Cir.1973), *vacated in part on other grounds*, 510 F.2d 363 (5th
13  Cir.1975) (en banc) (allowing petitioner to amend petition to name proper respondent);
14  Ashley v. State of Washington, 394 F.2d 125 (9th Cir. 1968) (same).

15       The court further notes that Petitioner's petition is defective because it lacks page
16  five.

17       Accordingly, Petitioner is HEREBY GRANTED thirty days from the date of this
18  order to file a  first amended petition, containing all the required pages and naming the
19  correct respondent.  Petitioner's failure to do so will result in recommendations that this
20  action be dismissed.

23  IT IS SO ORDERED.

24  **Dated:   April 10, 2007**                  **/s/  William M. Wunderlich**
                                                UNITED STATES MAGISTRATE JUDGE